# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DENNIS MURPHY,**

        **Plaintiff,**

**-vs-**                                                **Case No. 6:06-cv-82-Orl-KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 23)** |
| **FILED:** | May 11, 2007 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED**. | |

The plaintiff, Dennis Murphy, seeks an award of attorney's fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on March 8, 2007. Doc. No. 21. An award of fees and costs is, therefore, ripe for consideration.

Murphy's attorney seeks $3,285.00 in attorney's fees for 21.9 hours of work: 3.0 hours of work performed in 2005; 16.9 hours of work performed in 2006; and 2.0 hours of work performed in 2007.

Doc. No. 23-2. The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Murphy has not presented an analysis of changes in the CPI that supports adjustment of the rate in this case to $150.00 per hour as requested by Murphy. However, as the Commissioner of Social Security does not oppose this hourly rate, doc. no. 23 ¶ 6, and decisions in other cases in which the CPI was analyzed support an upward adjustment of the hourly rate to the amount requested, I find that the amount sought in attorney's fees is reasonable.

The Commissioner also does not object to the number of hours worked, but the Court must, nevertheless, determine whether the hours were reasonable. Counsel's time records are suspect because they contain several entries that bear the notation (est.). I assume that this reference means "estimate," and that it is included because counsel did not keep contemporaneous records of his time and the tasks performed. Fee applicants must provide "fairly definite information" concerning activities performed by each attorney. *See Mallory v. Harkness*, 923 F. Supp. 1546, 1556 (S.D. Fla. 1996) (quoting *FMC Corp. v. Varonos*, 892 F.2d 1308, 1317 (7th Cir. 1990)). Because the Commissioner does not object to the estimated work, and the time spent for the tasks described is not patently unreasonable, I will approve payment of fees for this work in this instance. In the future, however, counsel must maintain contemporaneous records of the time worked rather than estimating the time and tasks performed.

Other entries in the time records are patently unreasonable. Counsel worked 0.70 hours on February 14 and 15, 2006, reviewing and responding to an order to show cause. The record reflects that an Order to Show Cause was issued because Murphy, through his counsel, failed to comply with

the Court's Related Case Order. Doc. No. 3. Work performed to correct errors of counsel is not reasonably charged to the opposing party. Therefore, I find that these 0.70 hours of work are not reasonable for purposes of an attorney's fees award.

Counsel purported to work 1.00 hour on March 30, 2006, to "Review Answer to Complaint." The record reflects that the Answer is a four page document that contains no unusual or novel assertions. As such, 1.00 hour is an unreasonable amount of time to review the document. Similarly, counsel purported to work 1.00 hour on May 30, 2006, and another 1.00 hour on June 27, 2006, to prepare two motions for enlargement of time to file Murphy's memorandum of law. The record reflects that the motions were simple, two-page documents that did not differ in any material respect. As such, 1.00 hour is an unreasonable amount of time to prepare each document. This time will be reduced by 2.00 hours.

Accordingly, I conclude, in the absence of objection, that Murphy's counsel reasonably worked 19.2 hours and that the reasonable hourly rate is $150.00 per hour. Thus, the reasonable attorney's fee is $2,880.00.

Murphy also seeks reimbursement for $270.00 in costs. Doc. No. 23-2. The Commissioner does not oppose these costs. I find that these costs were necessarily incurred, in the absence of objection.

It is, therefore, **ORDERED** that Murphy is awarded $2,880.00 in attorney's fees and $270.00 in costs.

**DONE** and **ORDERED** in Orlando, Florida on May 22, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties